No. 17,971.

A. D. JONES & COMPANY, ET AL. *v.* SAM L. HOCKS, ET AL.
(315 P. [2d] 986)

Decided September 30, 1957.

Messrs. CHISHOLM, HOWARD & DAANE, for plaintiffs in error.

Mr. J EMERY CHILTON, for defendants in error.

*In Department.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

IN the trial court Sam L. Hocks was plaintiff; A. D. Jones & Company was defendant and third party plaintiff; and A. I. Fistell and Louis Fistell, doing business as Mutual Realty Co., were third party defendants. We will refer to the parties by name.

In the complaint filed by Hocks he sought to cancel a promissory note executed by him October 19, 1954, to the order of Jones & Company. He further sought to set aside a deed of trust given to secure payment of said note, and prayed for judgment for damages resulting from the alleged misrepresentation of Jones & Company, made as inducement for the execution and delivery of the note. It was alleged that the note and deed of trust were obtained from plaintiff by Jones & Company "without any consideration being paid therefor whatsoever, and said plaintiff was induced to sign and execute said instruments above mentioned by mis-representation, trick, fraud and device."

Jones & Company filed its answer and counterclaim in which it denied the alleged misrepresentations and sought judgment against Hocks for the amount claimed to be due on the note and for foreclosure of the deed of trust. It brought in the Fistells as third party defendants on the ground that they actually were the joint owners of the note in question, and that their interests were identical with those of Jones & Company.

Upon trial of the issues to the court, the trial judge stated, inter alia:

"At this time the Court grants the motion of the defendant, A. D. Jones & Company, to dismiss the plaintiff's complaint, and the Court, in granting the motion, does so on the basis that the testimony and evidence that the salesman Bradford made the representation that he had the Hill property already sold, although false, relied upon, and causing injury to the plaintiff, is not such a statement as is actionable fraud. Exceptions of the plaintiff to that ruling of the Court are saved.

\* \* \*

"The Court further finds that there actually was no consideration for the note given on October 19, 1954, and secured by deed of trust of the same date on the property at Boulder. The Court further finds that actually plaintiff went to A. D. Jones & Company in response to an ad for an apartment house in which he was interested; that A. D. Jones & Company secured an option, or gave an option, or arranged an option, whereby the plaintiff had an option to buy this apartment house; that A. D. Jones & Company was necessarily interested in the plaintiff being able to consummate and elect to purchase under that option, and that to do so they were familiar with the situation of Mr. Hocks, that it was necessary for him to dispose of his farm in Lamar; that the arrangement that they actually took part in between the parties Hill and Hocks was for no better arrangement than Hocks had indicated that he had in the first place when he discussed the matter with them and told them the situation that he had negotiations under way. In other words, as I view the evidence, it is a situation where A. D. Jones & Company, in an effort to try to effect a sale of this apartment house and obtain their commission thereon, got involved in trying to help Mr. Hocks as a purchaser able to buy, and as a matter of fact, they failed in what they indicated they would do from the standpoint of getting the Boulder property sold, and a loan on the Lamar property.

"A further finding should be made, that the commis-

sion of $1375.00 was actually to be the commission for the sale of the Boulder property and recognized services to be performed in obtaining a loan on the Lamar property."

 Jones & Company contended that the note was given in satisfaction of the commission earned by it and the Fistells in connection with a trade of property owned by Hocks in Lamar. There was competent evidence to support Hocks' contention that he was persuaded to sign the note and deed of trust as a commission which would be due Jones & Company when it sold property owned by him in Boulder, Colorado, and in obtaining a loan on the Lamar property. Hocks through his own efforts had a deal pending with one Hill in connection with the Lamar property. None of the services to be performed in earning the commission, for which Hocks contended he gave the note, was performed by Jones & Company.

The trial court in denying the counterclaim of Jones & Company made it very clear that the testimony of Hocks was relied on and the testimony of Jones & Company was rejected.

The complaint of Hocks, in so far as it sought equitable relief, should not have been dismissed by the trial court. One of the allegations of the complaint was failure of consideration and the court in fact found that the note was given without consideration. However, no cross error is assigned to the action of the trial court in dismissing the complaint of Hocks. By denying the relief sought by Jones & Company on the counterclaim, a result obtained which is consistent with the findings of fact entered by the trial court. These findings and the judgment entered thereon are amply supported by competent evidence.

The judgment is affirmed.

Mr. Justice Holland, Mr. Justice Hall and Mr. Justice Frantz concur.